UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE,

                Plaintiff,

v.

F. ARTIS et al.,

                Defendants.

Case No. 25-11899
Honorable Shalina D. Kumar
Mag. Judge David R. Grand

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

This matter is before the Court on Plaintiff Darryl McGore's ("McGore") *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. McGore is a state inmate currently confined at the Thumb Correctional Facility in Lapeer, Michigan. Having reviewed this case, and McGore's litigation history in the federal courts, this Court dismisses the case without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). McGore failed to provide the $350.00 filing fee, plus a $ 55.00 administrative fee, when he filed his complaint.

1

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does allow prisoners the opportunity to make a "downpayment" of a partial filing fee and subsequently pay the remaining fee in installments. *See Boussum v. Washington,* 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); *reconsideration denied,* 655 F. Supp. 3d 636 (E.D. Mich. 2023). Because McGore did not submit the necessary filing fee for a civil action, the Court will construe his complaint as a request to proceed *in forma pauperis*. *See Szymanski v. U.S. Marshall*, No. 14-CV-10305, 2014 WL 1308821, at * 1 (E.D. Mich. Mar. 28, 2014).

McGore has had at least eight prior cases that were dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted. *See McGore v. Hudson*, No. 1:98-cv-10080 (E.D. Mich. June 2, 1998); *McGore v. Hunter*, No. 2:96-cv-74326 (E.D. Mich. Oct. 15, 1996); *McGore v. Hunter*, No. 2:96-cv-74327 (E.D. Mich. Feb. 10, 1997); *McGore v. Jones*, No. 2:96-cv-74614 (E.D. Mich. Nov. 8, 1996); *McGore v. Michigan Supreme Court Judges*, No. 1:94-cv-517 (W.D. Mich. Jan. 25,

1995); *McGore v. Nardi*, No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993).

Additionally, he has numerous times been denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three strikes" rule, because of these frivolity dismissals. *See e.g. McGore v. Artis,* No. 1:25-CV-516, 2025 WL 1392289 (W.D. Mich. May 14, 2025); *McGore v. Internal Revenue Comm'r,* No. 2:25-CV-21, 2025 WL 1293552 (W.D. Mich. May 5, 2025); *McGore v. Hood, et. al.,* No. 24-cv-10999 (E.D. Mich. Aug. 12, 2024); *McGore v. United States Dist. Ct. Judges,* No. 24-cv-10890, 2024 WL 1889211 (E.D. Mich. Apr. 30, 2024); *McGore v. Roberts,* No. 19-cv-13647, 2019 WL 7067086 (E.D. Mich. Dec. 23, 2019); *McGore v. U.S. Supreme Ct. Justs.*, No. 2:19-cv-244, 2019 WL 6799099 (W.D. Mich. Dec. 13, 2019); *McGore v. Michigan State Police*, No. 2:19-cv-228, 2019 WL 6522144 (W.D. Mich. Dec. 4, 2019); *McGore v. Lesatz*, No. 2:19-cv-51, 2019 WL 1109761 (W.D. Mich. Mar. 11, 2019); *McGore v. Schuette*, No. 2:18-cv-103, 2018 WL 577320 (W.D. Mich. Nov. 2, 2018); *McGore v. Shenk*, No. CV 17-13320, 2017 WL 11473286 (E.D. Mich. Nov. 16, 2017); *McGore v. Trinity Food Grp.*, No. 2:17-cv-13135, 2017 WL 4348844 (E.D. Mich. Sept. 29, 2017); *McGore v. United States Supreme Court, et. al.,* No. 14-cv-

3

14176 (E.D. Mich. Jan. 8, 2015); *McGore v. Lutz*, No. 2:09-cv-13031, 2009 WL 2959874 (E.D. Mich. Sept. 11, 2009).

The PLRA states that a federal court should dismiss a prisoner's case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous, malicious, or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The "three strikes" provision of the PLRA prohibits a prisoner like McGore, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative, *Witzke,* 966 F. Supp. at 539, and a federal court is allowed to take judicial notice of an incarcerated plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485-86 (6th Cir. 2005).

As previously stated, McGore has had at least eight prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted and has been informed by

4

numerous federal judges that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals. The fact that a number of his cases were dismissed prior to the enactment of the PLRA does not prohibit them from being used to deny him permission to proceed without prepayment of fees or costs. There is no impermissible effect in applying the three strikes provision contained in § 1915(g) to complaints filed prior to April 26, 1996, the enactment date of the PLRA. *See Wilson v. Yaklich*, 148 F.3d 596, 602-03 (6th Cir. 1998). Dismissals of prior actions entered before the effective date of the PLRA may be counted towards the "three strikes" allowed inmates under the PLRA to prevent an inmate from proceeding *in forma pauperis* in a civil action. *Id.* at 604.

In the instant case, McGore alleges in his complaint that he is in imminent danger. The main allegation in his complaint is that he is being denied the privilege of using the day room at prison. However, McGore has previously filed a lawsuit challenging the reduction of his day room privileges. The judge dismissed that complaint pursuant to 1915(g), finding that the decrease in day room privileges for McGore did not constitute imminent danger so as to allow him to proceed *in forma pauperis*. *McGore v. Artis*, 2025 WL 1392289, at * 3. This allegation of imminent danger does

5

not qualify to allow McGore to proceed *in forma pauperis* in spite of his

eight prior frivolity dismissals because it appears to be nothing more than

"a thinly veiled rehashing" of a similar claim made by him in a prior lawsuit

that was rejected. *See Chance v. Tennessee,* 47 F. App'x 762, 763 (6th

Cir. 2002).

Next, McGore claims that the electrical outlets or receptacles in the

prison day room are so defective that they are causing television sets and

"boom box" radios to explode, and cracks in the prison walls are allowing

rodents, field mice, and insects to infect the prison. These allegations of

imminent danger appear to be not only conclusory and unsupported, but

downright delusional or irrational.

A district court may deny a prisoner leave to proceed pursuant to §

1915(g) when that prisoner's claims of imminent danger are "conclusory or

ridiculous," or are "'clearly baseless' (i.e. are fantastic or delusional and rise

to the level of 'irrational or wholly incredible).'" *Vandiver v. Prison Health

Servs., Inc.,* 727 F.3d 580, 585 (6th Cir. 2013). As such, McGore is not

entitled to invoke the imminent danger exception to § 1915(g) because this

portion of his complaint contains insufficient facts and details to establish

that he is in danger of imminent physical injury, or are otherwise delusional,

irrational, or wholly incredible. *Rittner v. Kinder,* 290 F. App'x 796, 798 (6th

Cir. 2008). For these reasons, McGore's civil rights complaint shall be dismissed pursuant to § 1915(g).

Accordingly, **IT IS ORDERED** that McGore is **DENIED** *in forma pauperis* status and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). McGore may resume any of the claims dismissed under § 1915(g) if he pays the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

**IT IS FURTHER ORDERED** that because McGore has had eight prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 28 U.S.C. § 1915(g) bars him from appealing *in forma pauperis* and the Court refuses to certify that any appeal from this dismissal would be in good faith. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999).

s/Shalina D. Kumar
Hon. Shalina D. Kumar
Dated: October 23, 2025          United States District Judge

7